In re Mary Dianne SCALES, Debtor.

**Maurice H. BELL, Jr., D. Patrick Lacy, Jr., Gerald L. Baliles, Bell, Lacy & Baliles, a Partnership, Plaintiffs,**

v.

**Mary Dianne SCALES, Defendant.**

Bankruptcy No. 79–01551.
Adv. No. 80–0011.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Dec. 29, 1980.

---

12. See Note 3, *supra*.

John A. Gibney, Jr., Kathleen S. Meh-
foud, Bell, Lacy & Baliles, Richmond, Va.,
for plaintiffs.

Richard M. Ballard, Jr., Richmond, Va.,
for defendant/debtor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankrupt-
cy Judge.

This matter comes on upon the filing of a
Complaint Objecting to Discharge by Mau-
rice H. Bell, Jr.; D. Patrick Lacy, Jr.; Ger-
ald L. Baliles; and Bell, Lacy & Baliles, a
partnership, Plaintiffs herein, alleging that
the testimony of the Debtor, Mary Dianne
Scales, given at the meeting of creditors
was false and requesting that the Debtor be
denied a discharge of her debts and that her
Petition in Bankruptcy be dismissed by rea-
son of said false testimony. The Debtor
filed an Answer to the Complaint denying
that any false testimony at the meeting of
creditors was given. A trial was held in the
matter. The Debtor failed to attend that
hearing. Briefs were requested by the
Court at the conclusion of said trial. The
Court is in receipt of Plaintiffs' brief only.
Upon the foregoing, the Court renders the
following opinion.

## STATEMENT OF THE FACTS

On November 6, 1979, Mary Dianne
Scales, filed a Voluntary Petition in Bank-
ruptcy under Chapter 7 of Title 11 of the
United States Code pursuant to § 301 there-
of. On February 11, 1980, Plaintiffs filed
their Complaint Objecting to Discharge.
Upon the failure of the Debtor to timely
file an answer, this Court, with consent of
the Plaintiffs allowed the Debtor to file her
Answer late which Answer was received by
this Court on March 31, 1980. On April 24,
1980, Plaintiffs, pursuant to Rule 733 of the
Bankruptcy Rules, served interrogatories
upon the Debtor and filed same with this
Court. On April 24, 1980, Plaintiffs served
a Request for Production of Documents on
the Debtor pursuant to Rule 734 of the
Bankruptcy Rules, and filed same with this
Court. Also on April 24, 1980, Plaintiffs
served Request for Admissions upon the
Debtor pursuant to Rule 736 of the Bank-
ruptcy Rules. Upon the failure of the
Debtor to respond to the interrogatories
and Request for Production of Documents
served upon the Debtor, Plaintiffs, pursu-
ant to Rule 737 of the Bankruptcy Rules,
filed their Motion to Compel the Debtor to
respond to said interrogatories and Request
for Production of Documents. An order
was entered by this Court directing the
Debtor to answer Plaintiffs' interrogatories
and to comply with the Request for Produc-
tion of Documents. The attorney for the
Debtor filed an Answer to the Motion to
Compel stating that he had not been in
contact with his client, the Debtor, since
June 10 and does not presently know the
Debtor's current address.

Plaintiffs' case has been set forth in
Plaintiffs' Request for Admissions. Under
Bankruptcy Rule 736, Debtor's failure to
timely answer Plaintiffs' Request for Ad-
missions constitutes an admission of those
matters. "Any matter admitted under this
rule is conclusively established unless the

court on motion permits withdrawal or amendment of the admission." Rule 736 of Bankruptcy Rules and Rule 36 of the Federal Rules of Civil Procedure.

The admissions established that the Debtor testified under oath at the first meeting of creditors that she had not disposed of or transferred any assets within one year of the filing of her Petition, when in fact, she had sold a 1973 Chevrolet hardtop automobile, to which she held title, to Walter Cooley within one year of her filing of her Petition. The admissions also established that she sold a 1978 Mercury, to which she held title, within ninety days of her filing of her Petition in Bankruptcy, and that she lost, destroyed, or failed to preserve documents, books, records, or papers from which her financial condition or business transactions might be ascertained and failed to explain these losses of assets which should have been included in her estate. The Debtor's failure to answer the Admissions requires this Court to accept as true that the Debtor "knowingly and fraudulently, in or in connection with [her] bankruptcy proceeding, testified falsely that [she] did not dispose of any assets within one year of the filing of [her] petition," (Plaintiffs' Request for Admissions, No. 11) and that the Debtor "should have listed three automobiles in [her] petition for bankruptcy or in the papers pertaining to [her] petition in bankruptcy." (Plaintiffs' Request For Admissions, No. 13)

## CONCLUSIONS OF LAW

Plaintiffs contend that the allegedly false testimony given by the Debtor at her meeting of creditors precludes her from receiving a discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code (11 U.S.C.). This section provides as follows:

"(a) The court shall grant the debtor a discharge, unless—

    *     *     *     *     *     *

(4) the debtor knowingly and fraudulently, in or in connection with the case—

    (A) made a false oath or account...."

Pursuant to Bankruptcy Rule 709, a complaint alleging fraud as a bar to discharge requires that the circumstances constituting the alleged fraud be stated with particularity. See 4 *Collier on Bankruptcy* ¶ 727.14[3] (15th ed.) Since the only allegation of fraud alleged with particularity in the Plaintiffs' Complaint concerns the false testimony at the meeting of creditors, only this allegation will be considered in determining whether the Debtor should be denied a discharge in bankruptcy. Bankruptcy Rule 407 requires the Plaintiffs to prove the facts essential to establish every element necessary to sustain the charge of false oath. Through Plaintiffs' Request for Admissions, Plaintiffs have established that the Debtor knowingly and fraudulently testified falsely in connection with the bankruptcy proceeding concerning the disposition of assets of the Debtor within one year of the filing of the Debtor's Petition.

It is essential that the false oath related to a material matter. "Testimony as to property, which can have no bearing upon the estate's condition, is not material in a proceeding under the Code. Matters so trivial in nature as to have but little effect upon the estate and upon creditors, have been treated as immaterial." 4 *Collier on Bankruptcy* ¶ 727.04 at pp. 727–50, 51 (15th ed.). As to materiality, the Plaintiffs have established that the allegedly false oath related to property of the Debtor which should have been listed in the Debtor's Petition in Bankruptcy or in the papers pertaining to the Petition in Bankruptcy. Under the trustee's avoidance powers, this property may well have been an asset of the estate which could have been liquidated to provide a dividend to the Debtor's creditors. While it is true that omission of an irrelevant matter or of property having no value is not necessarily fatal to a debtor receiving a discharge in bankruptcy, "[m]atters are material if pertinent to the discovery of assets, including history of a bankrupt's financial transactions." *In re Mascolo*, 505 F.2d 274, 277 (1st Cir. 1974). *See also In re Robinson*, 506 F.2d 1184, 1188 (2nd Cir. 1974).

While this Court has some reservations as to the Debtor's actual, subjective intent to knowingly and fraudulently make a false oath, the Debtor has precluded this Court from weighing such intent to defraud by its failure to adequately defend itself in not responding to Plaintiffs' Request for Admissions. The resulting admissions imposes upon this Court the obligation to grant Plaintiff's motion for a denial of discharge.