**In re CARNEGIE INDUSTRIES, INC., Bankrupt.**

**SILVER, FEIGEN & DRUCKER, Plaintiff,**

v.

**CARNEGIE INDUSTRIES, INC., Defendant.**

**Bankruptcy No. 79 B 1770.**

United States Bankruptcy Court, S. D. New York.

Feb. 13, 1981.

Levin & Weintraub, New York City, for debtor/defendant.

David H. Singer, New York City, for plaintiff.

## DECISION AND ORDER ON MOTION TO DISMISS COMPLAINT

BURTON R. LIFLAND, Bankruptcy Judge.

In this Chapter XI Bankruptcy Act[1] case, Carnegie Industries, Inc. ("Carnegie"), a debtor in possession, has filed a Rule 12(b)(6)[2] motion to dismiss a complaint filed against it by plaintiff, Silver, Feigen & Druchner, which, because of the introduction of matters outside the pleading(s), must procedurally be treated as a motion for summary judgment.[2a]

Plaintiff, collectively, a law firm that represented Carnegie in more posh pre-peti-

---

1. As the case was commenced prior to October 1, 1979, the effective date of the Bankruptcy Reform Act of 1978, ("B.R.A."), Pub.L.95–598, 92 Stat. 2549, the former 1898 Bankruptcy Act continues to govern all aspects of this case. See B.R.A. 403(a).

2. Fed.R.Civ.P. 12(b)(6), adopted by Rule 712 of the Rules of Bankruptcy Procedure.

2a. By the force of Rule 56(c), judgment shall be rendered if the record reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c), adopted by Rule 756 of the Rules of Bankruptcy Procedure.

tion days, seeks by dint of an amorphous complaint to:

a) require the defendant to pay or account for the sum of $50,000 allegedly representing trust funds subject to an attorney's lien;

b) declare the debts of Carnegie to be non-dischargeable under a vague reference to Sections 14 and 17 of the Bankruptcy Act[3] and bar confirmation of the arrangement on the basis of fraudulent misappropriation of funds, with the knowledge of management, during the course of the Debtor's pre-petition existence. The pleading on this cause of action is notably devoid of specificity as to dates of occurrences, amounts involved, status or relation of parties involved in the alleged misappropriation of funds, payment or nonpayment of expenses, loans, or any of the circumstances involved in each and every act alleged to have been committed by Carnegie.

Challenged by the defendant and the searching scrutiny of summary judgment to produce the basis of the svelte allegations of the complaint, Plaintiff displays a barren

hand.[4] Eschewing the use of personal knowledge,[5] "offerings" both parties rely upon "information and belief",[6] attorney's affidavits and sworn statements made by one of Plaintiff's principals in a prior State Court pre-petition suit between the same parties (the latter statements constitute the 12(b)(6) summary judgment predicate).[7] Defendant urges that on the record before this Court, there is no basis for relief. I agree.

## BACKGROUND

Plaintiff represented Carnegie in connection with an aborted 1976 merger with Chromalloy American Corporation ("Chromalloy") and is an unpaid creditor to the extent of $50,000 for services rendered to Carnegie in relation to the merger negotiations. In 1979 Carnegie recovered $125,000 from Chromalloy as part of a law suit settlement. Carnegie's counsel in the Chromalloy litigation and settlement was Shea & Gould, Esqs. Plaintiff played no part in the suit or settlement negotiations. It is on this detached nexus to the Chromalloy settlement funds that Plaintiffs seek beneficial entitlement.

**3.** Plaintiff refers to Sections 14 and 17 in a preliminary jurisdictional statement of its complaint. Such a statement is not necessary. See 1A *Collier on Bankruptcy* (14th Ed.) ' 14.07[2] at 1284 N.19.

Section 14 enumerates eight grounds upon which to object to discharge. Six of the eight grounds are founded upon some type of dishonesty or lack of cooperation by the debtor (§ 14(c)(1)–(4), (6), & (7)). § 14(c)(1)—committing any of one of *nine* offenses set out in 18 U.S.C.A. § 152; § 14(c)(2)—unjustified failure to maintain financial records; § 14(c)(3)—use of a false financial statement to obtain assets or credit; § 14(c)(4)—making a fraudulent conveyance within one year preceding bankruptcy; § 14(c)(5)—limits bankruptcy relief to six year intervals; § 14(c)(6)—*refusal to obey the* court's orders or answer material questions during proceedings; § 14(c)(7)—failure to explain losses or deficiency of assets; § 14(c)(8) —failing to pay filing fees.

Section 17 sets out eight grounds upon which a single creditor can proceed to collect his individual debt (as compared to § 14 which forecloses the debtor's discharge from all debts). Four categories focus on dishonesty and lack of cooperation, while others contain public policy concerns. § 17(a)(1)—taxes; § 17(a)(2)—obtaining assets by false pretenses or representations, or obtaining credit by use of written false

statements with respect to financial condition; § 17(a)(3)—not scheduling debts; § 17(a)(4)— debts resulting from misconduct by officers and fiduciaries; § 17(a)(5)—wages; § 17(a)(6) —employees' funds held as security for performance; § 17(c)(7)—alimony, support, maintenance and seduction liabilities; § 17(a)(8)—liabilities from willful and malicious injury to property or person.

**4.** To successfully defend a motion for summary judgment, Rule 56(e) requires an adverse party to affirmatively show that there is a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings.

**5.** Rule 56(e) preliminarily requires that "supporting and opposing affidavits be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein."

**6.** "A standard legal term which is used to indicate that the allegation is not based on the firsthand knowledge of the person making the allegation, but that person nevertheless, in good faith, believes the allegation to be true." *Blacks Law Dictionary* 701 (5th Ed. 1979)

**7.** See *Moore's Federal Practice* ' 56.11 [1.–3] at 56 200.

■ The source of the non-dischargeable and fraudulent conduct of Carnegie is described by Plaintiff's attorney as information gleaned from his conversations with the prior displaced President and Chairman of the Board of Carnegie. It certainly cannot be concluded that the original relator has no ax to grind. In sum, the "story" alleges generally that management participated or countenanced misappropriation and diversion of funds causing nonpayment of intercompany expenses and loans in connection with the internal operations of Carnegie. No facts are asserted to show that the acts described created a provable debt to Plaintiff under section 17(a) of the Bankruptcy Act or that the parties involved in the acts owed some fiduciary obligation to this Plaintiff. Nor does the described conduct form a legally sufficient basis to bar a discharge under any of the enumerated grounds set forth in section 14(c) of the Bankruptcy Act.

Plaintiff was given ample adjournment opportunity to marshal facts and respond to the moving papers with evidence sufficient to breathe life into the innuendo pleading(s) of the complaint.[8] As this is the epochal state of the case, additional time was allowed to Plaintiff. The Plaintiff's best effort offering by an attorney-stranger to the matters pleaded raises no material issue of fact, *Union Insurance Soc. of Canton, Ltd. v. William Glukin & Co.*, 353 F.2d 946, 952 (2d Cir. 1965); *Zielinsky v. Companhia De Navegaio Martima, Etc.*, 460 F.Supp. 1179, 1184 (S.D.N.Y.1978); *Moore's, supra* at ¶ 56.22[1] pp. 56–1319–1320, and this motion must be considered ripe for summary judgment on the law.

■ There is no legal basis for the creation of an attorney's lien or trust with respect to the Chromalloy litigation settlement proceeds. Plaintiff's contentions in this regard are without merit.

■ A deposition of Robert Feigen reveals that plaintiff was never retained, nor performed services, in connection the Chromalloy litigation. Thus, plaintiff is not protected by an attorney's lien. See § 475 of the New York State Judiciary Law; *In re Shirley Duke Associates*, 611 F.2d 15, 18 (2d Cir. 1979). Similarly, no trust can be impressed. There is no evidence of a manifestation of intention to deal with the settlement proceeds in the capacity of a trust creating an express trust, or that Plaintiff transferred the fund to Carnegie giving rise to the possibility of a resulting trust, or that Carnegie acquired the settlement proceeds by committing fraud (actual or constructive) or practicing some other form of unconscionable conduct or artifice detrimental to plaintiff, which could set the stage for a constructive trust. Nothing more than a simple debtor/creditor relationship for prior, unrelated, services rendered was founded. *See, In re Penn-Dixie Steel Corporation, (Thunderbird Motor Freight Lines, Inc. v. Penn-Dixie Steel Corporation)* 6 B.R. 817, 822–826, (Bkrtcy.S.D.N.Y.1980, Lifland, B.J.)

■ Plaintiff's objection to discharge and confirmation is legally insufficient and must be dismissed as a matter of law. To say that its pleading in this area is obscure would be charitable. Plaintiff has failed to aim its allegations objecting to discharge within the target area of any one of the many grounds enumerated in §§ 14(c) or 17(a) of the Bankruptcy Act, (former) 11 U.S.C. § 32(c) & 35(a). A coherent set of the essential elements that would enable its adversary to answer and prepare for trial is not averred. *See*, 1A *Collier on Bankruptcy*, (14th Ed.) ¶ 14.07[2]. Moreover, since Plaintiff's allegations are based in fraud, Federal Civil Rule of Procedure 9(b), adopted by Bankruptcy Rule 709, requires that the circumstances constituting the fraud be fully particularized. *Cf. In the Matter of Marketing International Corporation* Bankr.L.Rep. (CCH) ¶ 67,512 (Bkcy.Ct.S.D.N.Y., 1980) (wherein this court dismissed an involuntary petition in bankruptcy for, among other things, the failure to particu-

---

8. Under rule 56(f), a court may deny a motion for summary judgment or may order a continuance where the affidavit of the party in opposition states reasons why he cannot present by affidavit facts essential to meet his burden. See, *Moore's Federal Practice*, ' 56.24 at 56–1436.

larize). In fact, even when plaintiff's complaint is bolstered by its faulty affidavit, the allegations remain so palpably defective as to defy resuscitation.

All that the plaintiff law firm has presented is an affidavit grounded on suspicion and innuendo, bound together with rumor and hearsay. Compare, *Applegate v. Top Associates, Inc.*, 425 F.2d 92, 97 (2d Cir. 1970). Plaintiff cannot prevail upon conclusory allegations as a vehicle for obtaining a trial. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). "This requirement is applicable even to cases in which plaintiff is attempting to unveil a shadowy and elusive conspiracy . . ." *Applegate, supra* at 96.

This Court concludes that Plaintiff has not established that there is a genuine issue as to any material fact; judgment based upon the established facts must be entered in favor of Carnegie as a matter of law. There is simply no justification for the "curtain" to ascend on a trial. See, *Heyman v. Commerce and Industry Co.*, 524 F.2d 1317, 1319–1320 (2d Cir. 1975).

Defendant's motion for summary judgment is granted without costs. The complaint is dismissed on the merits.

SO ORDERED.