**In re Dempsey E. LUMPKINS and Elsie Lumpkins, Debtors.**

**Dempsey E. LUMPKINS and Elsie Lumpkins, Debtors, Plaintiffs,**

v.

**BENEFICIAL FINANCE CO. OF RHODE ISLAND, Defendant.**

Bankruptcy No. 8000861.

Adv. No. 810017.

United States Bankruptcy Court, D. Rhode Island.

May 14, 1981.

John Brunero, West Warwick, R.I., for debtors.

Richard Fleury, Warwick, R.I., for Beneficial Finance Co.

Louis Geremia, Providence, R.I., Trustee.

## DECISION GRANTING DEBTORS' COMPLAINT TO AVOID SECURITY INTEREST

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The Debtors seek to avoid Beneficial Finance Co.'s non-possessory, nonpurchase-money security interest in their household goods under Bankruptcy Code § 522(f). 11 U.S.C. § 522(f). Beneficial objects, maintaining that § 522(f) was not intended to apply retroactively, but that even if it were, it would be violative of due process under the Fifth Amendment to the United States Constitution.

The facts are undisputed. On January 26, 1979, the Debtors borrowed $4,796.02 from Beneficial, which took a security interest in the Debtors' household goods. Beneficial properly filed a UCC–1 financing statement. The Debtors filed a Chapter 7 bankruptcy petition on December 12, 1980, and now seek to avoid Beneficial's security interest. They allege that no one single household item has a value in excess of $200.00. § 522(d)(3).

The retroactive application of § 522(f) to liens and security interests coming into existence between the enactment date (November 6, 1978) and effective date (October 1, 1979) of the Bankruptcy Reform Act of 1978 has been the subject of much litigation recently, and the results of these cases are conflicting. However, the weight of authority, and in my opinion, the better reasoned decisions hold that § 522(f) is applicable to liens and security interest created before the Code became effective, but after its enactment date, and that such an application does not violate the Fifth Amendment. I choose to follow the result and reasoning adopted by these courts: E. g. *Brown v. Termplan and U.S. Credit Life,* 7 B.R. 264 (N.D.Tex.1980); *Baker v. GFC Corp. of Missouri,* 6 BCD 747 (W.D.Mo. 1980); *Head v. Home Credit Co,* 4 B.R. 521, 6 BCD 489 (E.D.Tenn.1980); *Security Pacific Finance Corp. v. Barto,* 8 B.R. 145 (E.D. Va.1981); *Pillow v. Avco Financial Services,* 8 B.R. 404 (D.Utah 1981); *Stump v. Beneficial Finance Co. of South Dakota,* 8

B.R. 516 (1981); *Teske v. General Finance Corp.*, 9 B.R. 18 (W.D.Mich.1981).