In re Ronald KING, Sr., Debtor.

**Wayne TAYLOR and Barbara Parker, Plaintiffs,**

v.

**Ronald KING, Sr., Defendant.**

Bankruptcy No. 8000783.
Adv. No. 800305.

United States Bankruptcy Court,
D. Rhode Island.

March 3, 1982.

Russell D. Raskin, Andreoni & Raskin, Providence, R. I., for plaintiffs.

Joseph C. Lopes, Strauss, Factor, Chernick & Hillman, P.C., Providence, R. I., for debtor.

### ORDER DISMISSING DEFECTIVE COMPLAINT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Defendant's motion to dismiss the Plaintiffs' "SECOND CORRECTED AMENDED COMPLAINT OBJECTING TO DISCHARGE." The issues, which have been presented unclearly by the parties, appear to the Court, to be: (1) whether the complaint alleges sufficient facts under § 727 of the Bankruptcy Code to state a claim upon which relief can be granted, and (2) if the complaint is sufficient, should the Bankruptcy Reform Act of 1978 (the Code) or the Bankruptcy Act of 1898 be applied to determine the validity of a consent judgment in which the Debtor waived his right to discharge.

## I INSUFFICIENCY OF THE COMPLAINT

The complaint alleges that the Debtor entered into a consent decree wherein he waived his right to have the debt in question discharged. Plaintiffs further contend that the Debtor "knowingly or fraudulently induced the Plaintiff, Wayne Taylor, to sign the waiver herein in order to induce him [Plaintiff] to set aside his rights to pursue the [D]efendant. The Plaintiffs detrimentally relied upon this waiver and the [D]efendant is now estopped to deny its validity." See Plaintiffs' Second Corrected Amended Complaint. Relying on 11 U.S.C. § 727(a)4(C), the Plaintiffs pray that "the [D]efendant be denied a discharge . . . and the debt in question be declared a nondischargeable debt in this honorable Court." See Plaintiffs' Second Corrected Amended Complaint Objecting to Discharge (filed May 14, 1981).

■ Section 727(a)4(C) of the Bankruptcy Code provides that the Court shall deny the debtor a discharge when he/she has engaged in certain fraudulent activities "*in or in connection with the case*." (emphasis added). Here, after numerous amendments, the complaint still does not allege that fraud occurred in connection with the case, and for that reason, fails to state a claim upon which relief can be granted. See 4 Collier on Bankruptcy ¶ 727.06 (15th ed).

■ Also, the Plaintiffs' prayer to have their claim declared nondischargeable is inconsistent with the statutory authority on which they rely, because § 727(a)4(C) deals solely with denial of discharge, which has little to do with the dischargeability of particular debts.[1]

Finally, Bankruptcy Rule 709 and Fed.R. Civ.P. 9(b) require that the circumstances constituting fraud be fully particularized in the complaint. *Silver, Feigen & Drucker v. Carnegie Industries, Inc. (In re Carnegie Industries, Inc.)*, 8 B.R. 983 (Bkrtcy.S.D.N.Y.1981); *Bell v. Scales (In re Scales)*, 8 B.R. 110 (Bkrtcy.E.D.Va.1980); 4 Collier on Bankruptcy ¶ 727.14[3] (15th ed.) In the instant complaint, the allegations are so nebulous that the Debtor is not able to fairly respond to them. Plaintiffs should not be permitted to utilize such loose and conclusory language as a vehicle for getting into court.

For each of the reasons discussed above, the complaint is dismissed, but the Plaintiffs' main contention will be also considered, for precedential purposes, in the unlikely event that this issue is presented again.

## II VALIDITY OF THE WAIVER

■ The Plaintiffs contend that the Debtor contracted away his right to have this debt discharged by consenting to a judgment containing a waiver provision. The waiver in question was filed with the Clerk of the Rhode Island Superior Court on November 1, 1978, five days before the enactment of the Bankruptcy Code. The Plaintiffs concede that the waiver does not meet the requirements of § 727(a)(10),[2] but argue that § 14(a)[3] of the Act should apply because it [the waiver] was filed with the Superior Court before the *enactment date* of the Code (November 6, 1978).

The *effective date* of the Bankruptcy Code is October 1, 1979 and, since King filed

---

1. Section 727 of the Code provides:
   (a) the court shall grant the debtor a discharge, unless—
   . . . .
   (4) the debtor knowingly and fraudulently, in or in connection with the case—
   . . . .
   (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forebearing to act;

2. 11 U.S.C. § 727(a)(10) requires that such waivers be reduced to writing, executed *after* entry of the order for relief, and are subject to court approval.

3. Section 14(a) of the Act provides:
   The adjudication of any person, except a corporation, shall operate as an application for a discharge: *Provided*, That the bankrupt may, before the hearing on such application, waive by writing, filed with the court, [bankruptcy court] his right to a discharge.

this Chapter 7 petition on October 21, 1980, § 727 applies. Congress intended that the provisions of the Code should apply to all cases filed after October 1, 1979. See Bankruptcy Reform Act of 1978, Pub.L. 95–598, §§ 401, 402; H.R.Rep.No. 95–595, 95th Cong. 1st Sess. (1977) 458–9, U.S. Code Cong. & Admin.News 1978, p. 5787; *Head v. Home Credit Company (In re Head)*, 4 B.R. 521, 524 (Bkrtcy.D.Tenn.1980).

The Plaintiffs also argue that the retroactive application of the Code in this case would result in the arbitrary taking of a vested property interest, in violation of the Fifth Amendment. In support of this contention, they rely on *Lucero v. Security Industrial Bank (In re Lucero)*, 4 B.R. 659, 6 BCD 477 (Bkrtcy.D.Colo.1980),[4] and *Rodrock v. Security Industrial Bank (In re Rodrock)*, 3 B.R. 629, 6 BCD 267 (Bkrtcy. D.Colo.1980), apparently by equating their consent judgment with a security interest. Both *Lucero* and *Rodrock* hold that Code § 522(f) cannot be applied retroactively to avoid a security interest in exempt property if said security interest was created before the effective date of the Bankruptcy Code.

Neither case has any application here. To begin with, both *Lucero* and *Rodrock* deal with security interests and exempt property—not discharge. The consent judgment obtained by the Plaintiffs in this case does not constitute an estate or interest in any of the Debtor's property. See ALI Judgments § 47(e) pp. 185–86 (1942); 49 C.J.S. *Judgments* § 444, § 454 (1947). Under Rhode Island law, a judgment is perfected only after the issuance of an execution on the judgment, and by levy of the execution on property of the debtor. See R.I.Sup.Ct.R.C.P. 69; R.I.Gen.Laws 9–26–1 et seq. The Plaintiffs have not taken these steps, and their argument in this respect is totally without merit.

Barbara Parker's complaint is defective on the additional ground that her claim is based on a consent judgment to which she is not a party.

4. Note, incidentally, that this Court has specifically rejected the rationale of *Lucero* in *Lumpkins v. Beneficial Finance Co. (In re Lumpkins)*, 11 B.R. 76 (Bkrtcy. D.R.I.1981), and the U.S. Supreme Court is currently considering the

For all of the foregoing reasons, the Defendant's motion to dismiss is granted as to both Plaintiffs.

Although it is a close question, the Court is not satisfied that the Plaintiffs' complaint was brought solely to delay or harrass the Debtors. Therefore, the Debtors' counterclaims for counsel fees and damages are denied.

question of retroactive application. *In re Rodrock, et al*, BANKR.L.REP. (CCH) ¶ 67,900 (10th Cir. 1981), appeal docketed, sub. nom. *U.S.A. v. Security Industrial Bank*, No. 81–184 (8/17/81).