**In re Fanny L. LOPEZ, Debtor.**

**Avram COHEN, Trustee, Plaintiff,**

v.

**Fanny L. LOPEZ, Defendant.**

**Bankruptcy No. 8000159.**
**Adv. No. 810111.**

United States Bankruptcy Court,
D. Rhode Island.

April 18, 1984.

Arthur M. Read, Gorham & Gorham, Providence, R.I., for the trustee and for Newport Nat. Bank.

Herbert Katz, Pawtucket, R.I., for Peerless Co.

Joseph DeCiantis, Providence, R.I., for defendant.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is the trustee's motion to reinstate a complaint objecting to discharge, which he had previously withdrawn on July 8, 1981.

## STATEMENT OF THE CASE

Brief reference to the background of this matter is helpful to some understanding of the parties' behavior. According to the trustee and two complaining creditors (Newport National Bank and Peerless Co.), the debtor, Fanny L. Lopez, went on a credit card shopping spree just prior to filing a petition in bankruptcy. Shortly after the filing, she further duped the already aggrieved creditors, by promising either to withdraw the bankruptcy petition, or to reaffirm her obligations to them. For reasons beyond our comprehension, but apparently acceptable to Newport National Bank and Peerless Co., these creditors relied on the debtor's promises, and allowed the time within which to file complaints to determine dischargeability to expire. Not surprisingly, the debtor reneged on her various promises, and long after the time for taking appropriate action had elapsed, the creditors prevailed upon the trustee to take action in their behalf. It is the foregoing unfortunate scenario which apparently gives rise to the strong feelings of these two creditors who feel that they have been had.

The Court must comment at the outset that this entire proceeding has been unduly confused by substantive and procedural defects, apparently because all of the partici-

pants[1] have been so preoccupied with the merits of this dispute that they paid little attention to anything else.[2] For example, not only does the trustee's complaint objecting to discharge fail to state a claim—it was also filed eight months out of time. *See* 11 U.S.C. § 727 and former Bankruptcy Rule 404(a). With the hindsight usually available to courts, it has finally become clear through the procedural haze that complaints to determine the dischargeability of the debts to Newport National Bank and Peerless Co. should have been filed by those creditors. Notwithstanding this miscue, the debtor did not file a motion to dismiss, and regrettably, the Court did not appreciate the seriousness of the procedural problems and errors in this action until the hearing was concluded and the record reviewed. Had either the timeliness or the standing of the trustee been raised conventionally, so as to more clearly frame the issues, the wide-ranging hearing that was held could and certainly should have been avoided.

Although the narrow question presented is whether the trustee may reinstate a complaint which was filed out of time and subsequently withdrawn, an answer directed solely to that question would leave major problems in this case unaddressed. Particularly since Newport National Bank and Peerless Co., who are not parties to this action, have participated as though they are plaintiffs, some account and/or explanation vis-a-vis their presence is in order. Therefore, we have attempted to unravel things as much as possible to emphasize important (but overlooked) distinctions between causes of action under Code sections 727 and 523 respectively, as well as the deadlines for filing complaints under each section.

Both Newport National Bank and Peerless Co. were scheduled as creditors and, along with the trustee, received the § 341 meeting notice which set July 2, 1980 as the deadline for filing objections to discharge under 11 U.S.C. § 727, and complaints to determine dischargeability under 11 U.S.C. § 523(a)(2), (4), or (6). Notwithstanding said notice, no complaint to determine dischargeability was filed, nor was an enlargement of time within which to do so sought by either of these creditors. On July 2, 1980, the trustee (not the creditors) requested and was granted an extension of time until August 20, 1980, within which to file an objection to discharge. However, he did not file a complaint until April 17, 1981, eight months past the deadline set in the extension. That late filing did not become an issue because on July 8, 1981, the complaint was withdrawn,[3] and little would be accomplished by now vacating our order approving the trustee's withdrawal of his complaint, as that complaint was clearly filed out of time. Additionally, though, the complaint fails to allege any statutory ground for objecting to discharge. The trustee alleged that the debtor, Fanny L. Lopez, promised to reaffirm her obligations to Newport National Bank and Peerless Co., which "examination disclosed would not be dischargeable since they were incurred in the process of procurring [*sic*] goods and service through fraudulent use of credit cards."[4] Complaint [in] Objection

---

1. Notwithstanding the fact that counsel for Newport National Bank and Peerless Co. have not filed appearances, both attorneys participated fully throughout the lengthy travel of this matter.

2. The Court's impression is based in large part on the extent to which "the merits" were developed at a hearing on the trustee's motion to reinstate a complaint.

3. The trustee contends that he withdrew the complaint in reliance on yet another promise by the debtor to reaffirm her debts to Newport National Bank and Peerless Co.

4. The evidence disclosed a classic credit card fraud situation. During the two-month period immediately preceding the signing of her bankruptcy petition, Ms. Lopez went on a "shopping spree", making a large number of purchases with her Newport National Bank VISA and Peerless Co. credit cards. These purchases far exceeded her credit limits on each account, and were made when Ms. Lopez was unemployed, without the prospect of employment, and with no independent source of income other than a weekly $100 workers' compensation stipend. We find that this shopping spree, just prior to and in anticipation of bankruptcy, when she was insolvent, is clear and convincing evidence

to Discharge, Count IV. The obtaining of goods through fraud is a ground, not for objection to discharge, 11 U.S.C. § 727, but for a determination of the dischargeability of particular debts, 11 U.S.C. § 523. Since the debts in question are owed to Newport National Bank and Peerless Co., the trustee lacks standing to object to discharge based upon claims which are personal to the creditors.

The elements necessary ·to support actions relating either to discharge (§ 727), or dischargeability (§ 523), must be strictly construed, *see Taylor v. King (In re King)*, 18 B.R. 181 (Bkrtcy.D.R.I.1982), and the record fails to satisfy the requirements warranting a denial of discharge under 11 U.S.C. § 727. There has been no showing that the debtor engaged in activities "knowingly and fraudulently, *in or in connection with the case,*" [5] (emphasis added), 11 U.S.C. § 727(a)(4). A debtor's post-petition promise to reaffirm obligations to particular creditors, and the subsequent failure to do so, is not the type of wrongdoing in connection with the administration of the bankruptcy case that section 727(a)(4) addresses. *See Winters Nat'l Bank and Trust Co. v. McQuality (In re McQuality)*, 5 B.R. 302 (Bkrtcy.S.D.Ohio 1980) (debtor promised to reaffirm but no agreement was filed; held: Code does not provide for revocation of discharge in order to facilitate reaffirmation of debt by debtor). The fraud evident from the testimony is related not to fraudulent activities "in or in connection with the case," but rather to the debtor's activities *prior to* the filing for bankruptcy. *See American Express Co. v. Waldman (In re Waldman)*, 33 B.R. 328 (Bkrtcy.S.D.N.Y.1983); *In re King, supra.*

The trustee and the participating creditors have overlooked important distinctions between section 727(a)(4), which deals with

denial of discharge, and section 523(a)(2)(A), which deals with dischargeability of particular debts. Section 523(a)(2)(A) of the Bankruptcy Code provides:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> .     .     .     .     .
>
> (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

Disappointingly for these creditors, but due to their own omission, appropriate complaints to determine the dischargeability of their debts are not and never have been before the Court. Neither creditor has sought leave to file a complaint out of time, and if either creditor were to request such relief at this point, it could not be granted. Pursuant to Bankruptcy Rule 4007(c) a motion to extend the time to file a complaint to determine dischargeability under Section 523(a)(2)(A) may be granted for cause, if made prior to the expiration date originally set by the notice of the § 341 meeting (in this instance, July 2, 1980). Otherwise, the Court may extend time only where the failure to file timely was the result of "excusable neglect". Rule 9006(b). The judicial mainstream indicates that deadlines set for filing dischargeability complaints should rarely be extended after their expiration. *See In re Waldman, supra; Devers v. Frankina (In re Frankina)*, 29 B.R. 983 (Bkrtcy.E.D.Mich. 1983); *Lipshultz v. Griffis (In re Griffis)*, 31 B.R. 279 (Bkrtcy.D.Vt.1983); *In re Torres*, 22 B.R. 418 (Bkrtcy.D.N.M.1982)

---

of the debtor's intention to obtain property without paying for it. *See Georgia Bank and Trust Co. v. McKinney (In re McKinney)*, 18 B.R. 607 (Bkrtcy.M.D.Ga.1982); *United Bank of Denver v. Kell (In re Kell)*, 6 B.R. 695 (Bkrtcy.D. Colo.1980).

**5.** Section 727(a)(4)(A) is as follows:

(a) The court shall grant the debtor a discharge, unless—

.     .     .     .     .

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account....

(procedural deadlines are a fact of life in the legal profession); *Middlesex Insurance Co. v. Koritz (In re Koritz),* 2 B.R. 408 (Bkrtcy.D.Mass.1979) (time extension granted trustee to file § 727 complaint does not extend time for creditors for filing § 523 complaint).

■ As pointed out above, the Court notes, with frustration, that in this proceeding the record supports the conclusion that the debts to Newport National Bank and Peerless Co. should be excepted from discharge under Code Section 523(a)(2)(A). We are powerless, however, to find any cause even remotely qualifying as "excusable neglect", to permit the creditors, were they to request such relief, to file complaints to determine such dischargeability at this belated time. Evident merit (i.e., here, the debtor's fraud) is not material to a determination of excusable neglect with respect to the filing of a complaint out of time. *In re Waldman, supra* (notwithstanding the finding of credit card fraud by the debtors—amounting to approximately $40,000—the creditor was not permitted to file a late complaint, absent a showing of excusable neglect). *See id.* and cases cited therein.

■ "Excusable neglect" is a term of art meaning "the failure to timely perform a duty, due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Torres, supra* (failure to keep track of filing deadlines due to breakdown in office procedures was deemed insufficient to justify granting a motion for leave to file a complaint seven days after the fixed deadline); *In re Breining,* 6 B.R. 837, 842 (Bkrtcy.S.D.N.Y.1980), citing *Beneficial Finance Company of Hartford v. Manning (In re Manning),* 4 B.C.D. 304, 305 (Bankr.D.Conn.1978). Neglect is generally not excusable where it results from lack of knowledge of substantive and procedural aspects of bankruptcy practice. *In re Heyward,* 15 B.R. 629 (Bkrtcy.E.D.N.Y.1981); *Citizens Nat'l Bank v. Parrish (In re Parrish),* 13 B.R. 539 (Bkrtcy.W.D.Ky. 1981); *First & Peoples Nat'l Bank v.*

*Young (In re Young),* 1 B.R. 387 (Bkrtcy. M.D.Tenn.1979) (no excusable neglect where attorney missed the filing deadline on assumption that a continuance of the § 341 meeting automatically extends the time of filing complaint); *Reed Lumber Co. v. Rogers (In re Rogers),* 2 B.R. 485 (Bkrtcy.W.D.Va.1979) (attorney who thought it was not necessary to file a complaint in Bankruptcy Court while a state court action was pending, was not permitted to file a complaint out of time).

While it certainly is not this Court's intention to encourage dishonest debtors to stall creditors until the time for filing complaints has lapsed, these creditors were remiss in not protecting their rights against a debtor who had already demonstrated clearly and repeatedly that she could not be trusted.

■ The trustee's complaint was filed too late and was brought by an inappropriate party—it is the aggrieved creditors who should be the plaintiffs here, but who for reasons not understood by this Court, have chosen to "participate" in the awkward manner described above. Were the Court to effect the many reformations necessary to afford these creditors relief, it would be required to substitute different plaintiffs, different pleadings under different Code sections, and to allow amended complaints to be filed more than three years beyond the expiration date for filing such complaints. This much judicial correction and/or interference with the adversary system is, in our perception, simply beyond the Court's authority or purpose. *See* Bankruptcy Rule 7015 (incorporating Fed.R. Civ.P. 15) and Bankruptcy Rule 9006; 3 J. Moore, *Moore's Federal Practice* ¶ 15.08 (2d ed. 1984); *Simpson County Bank, Inc. v. Fehrle (In re Fehrle),* 34 B.R. 974 (Bkrtcy.W.D.Ky.1983) (after the deadline has passed, a complaint seeking denial of discharge may not be amended to include complaint to have particular debt excepted from discharge). The rules of timely filing and their enforcement are essential to orderly bankruptcy administration. Where, as in this case, creditors with notice of the

bankruptcy proceeding took no action to preserve their claims, the Court is unable to provide a remedy for them, no matter how distasteful the result.

For the reasons stated, the trustee's motion to reinstate his objection to discharge is denied. The rights of Newport National Bank and Peerless Co., obviously, have also expired.

Enter judgment accordingly.