### In re Luis VALLE TOLEDO, Debtor.

**Wallace VAZQUEZ SANABRIA,**
**Plaintiff/Movant,**

**v.**

**Luis VALLE TOLEDO,**
**Defendant/Respondent.**

**Bankruptcy No. B–85–01294 (ESL).**
**Adv. No. 86–0015.**

United States Bankruptcy Court,
D. Puerto Rico.

June 25, 1987.

Wallace Vázquez Sanabria, Hato Rey, P.R., Trustee.

Eldia M. Diaz Olmo, Rodriguez-Ramon, Peña & Diaz, Hato Rey, P.R., for debtor-defendant/respondent.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

The only issue now pending before the Court is whether the amended complaint filed by the trustee states a claim upon which a relief can be granted and gives fair notice to the debtor as to the acts upon which the complaint is based.

On January 21, 1986, Wallace Vázquez Sanabria, appointed trustee and plaintiff herein, filed a complaint objecting to the discharge of the debtor, alleging that the debtor has not kept records of its assets, has concealed property of the estate, that debtor has made a false oath, and that debtor has failed to explain satisfactorily any losses of assets of the estate.

On October 15, 1986 the Court (W.H. Beckerleg, J.) entered an Order granting the trustee twenty (20) days to file an Amended Complaint since the allegations of the original complaint were "general and non-specific." The amended complaint was filed on November 12, 1986, and was allowed by this Court pursuant to Order entered on December 11, 1986.

The amended complaint avers the following facts:

"2. Defendant failed to keep or preserve books and records, documents and papers in which his financial condition or business transactions might be ascertained.

3. Defendant has concealed property of debtor before the petition, such as furniture, fixture and equipment of the household personal effects of debtor as well as the interest of debtor in the Estate of Emilia Diaz Ramón, the deceased mother-in-law of debtor, property not listed in the schedules.

4. That after the petition debtor has continued to conceal the property mentioned at averment number 3.

5. That the Schedules are so incomplete as it relates to listing all the assets of debtor, that, a false oath of account was made.

6. That based on all the above averments defendant has failed to explain satisfactorily any lose of assets or deficiency of assets to meet the debtors liability.

7. That furthermore defendant has failed to cooperate with this trustee in furnishing all the information requested of him in order to allow trustee to complete his duties."

### Conclusions of Law

The debtor-defendant alleges in its third motion to dismiss filed on December 11, 1986 that the amended complaint filed by the trustee fails to comply with Court Order entered on October 15, 1986, and that "the averments in the Amended Complaint continue to be general in nature."

Pursuant to Bankruptcy Rules 7007, 7008, 7009 and 7010, the Federal Rules of Civil Procedure (Rules 7, 8, 9 and 10) are applicable to adversary proceedings in bankruptcy. These rules provide how the pleadings in a complaint shall be set forth and its content.

Rule 8 of the Federal Rules of Civil Procedure (hereinafter "FRCP") provides in relevant part:

"(a) A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) *a short and plain statement of the claim showing*

*that the pleader is entitled to relief,* and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.... (e)(1) Each averment of a pleading shall be *simple, concise, and direct....*

(2) ...

(f) All pleadings shall be so construed as to do substantial justice." (Emphasis supplied).

Regarding the allegations of fraud in a complaint, Rule 9(b) of the FRCP provides in relevant part:

"(b) *In all averments of fraud* or mistake, *the circumstances constituting fraud* or mistake *shall be stated with particularity.* Malice, intent, knowledge, and other condition of mind of a person may be averred generally." (Emphasis supplied).

It is well settled by the courts, specifically by our circuit, that "allegations based on information and belief do not satisfy the particularity requirement unless the complaint sets forth the facts on which the belief is founded." *Wayne Investment, Inc. v. Gulf Oil Corporation,* 739 F.2d 11, 13 (1st Cir.1984). *See* also, *Hayduk v. Lanna,* 775 F.2d 441 (1st Cir.1985).

In *Barry v. St. Paul Fire & Marine Ins. Co.,* 555 F.2d 3, 13 (1st Cir.1977) affirmed 438 U.S. 531, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978), the court held that "Rule 9(b) requires complaints charging fraud to *state with particularity the circumstances constituting fraud." See* also, *Simcox v. San Juan Shipyard, Inc.,* 754 F.2d 430 (1st Cir.1985). (Emphasis supplied).

In *McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 228–229 (1st Cir.1980) the court reaffirms the standard set by Rule 9(b) of the FRCP. The court held that:

"The clear weight of authority is that *Rule 9 requires specification of the time, place, and content of an alleged false representation,* but not the circumstances or evidence from which fraudulent intent could be inferred. (Citations omitted). This interpretation of Rule 9 comports with its language, harmonizes the rule with Rule 8, which requires that averments in pleadings be concise and direct, and at the same time fulfills a *major purpose of Rule 9: to give adequate notice* of the plaintiff's claim of fraud or mistake." (Emphasis supplied).

The bankruptcy courts, specifically the courts in the first circuit, have been consistent in their ruling regarding the standards set by Rule 9(b) of the FRCP.

In *In re King,* 18 B.R. 181, 182 (Bankr.D. Rhode Island 1982), the court held that:

"Finally, Bankruptcy Rule 709 [7009] and Fed.R.Civ.P. 9(b) require that the *circumstances* constituting fraud *be fully particularized in the complaint.* (Citations omitted). In the instant complaint, the allegations are so nebulous that the Debtor is not able to fairly respond to them. Plaintiffs should not be permitted to utilize such loose and conclusory language as a vehicle for getting into court." (Emphasis supplied).

The court in the case of *In re Sriberg,* 49 B.R. 80, 81 (Bankr.D.Mass.1984) was even more specific as to the requirements of Rule 9(b) of the FRCP, and held that:

"The Court finds that the general grounds for denial of discharge quoted from section 727(a) in the counts of the complaint are, in themselves, insufficient notice to the defendant of the specific acts or transactions on which they are based.... While the *plaintiffs* need not plead evidentiary detail, they *must state the underlying facts* and general wrong complained of which, if proved, would entitle them to the relief sought.... [T]he complaint must be clear and give explicit notice to the defendant of the grounds upon which it is based to enable him to answer and prepare a defense, and for the court to expeditiously render a decision on the merits." (Emphasis supplied).

Other bankruptcy courts have followed the same rule. *See, In re Fernández,* 58 B.R. 10 (Bankr.S.D.Fla.1985); *In re Kerr,* 58 B.R. 171 (Bankr.E.D.Arkansas 1985); *In re Reach McClinton & Co., Inc.,* 62 B.R. 978 (Bankr.D.N.J.1986); *Matter of*

*Schwartzman,* 63 B.R. 348 (Bankr.S.D. Ohio 1986).

### Conclusion

In view of the foregoing the Court finds that the allegations of the amended complaint do not state with sufficient particularity the underlying facts nor give the debtor explicit grounds upon which the complaint is based upon. Accordingly, it is hereby

ORDERED that the Motion to Dismiss filed by the debtor-defendant be granted; and it is further

ORDERED that this case be dismissed.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.