Nader Baydoun and James H. Harris, III, Nashville, Tenn., for plaintiff-appellee.

John C. Hess, Brentwood, Tenn., for defendant-appellant.

In re Braxton DIXON, Debtor,

Jane B. FORBES, Trustee,
Plaintiff–appellee,

v.

Braxton DIXON, Defendant–appellant.

Civ. A. No. 3:88–0378.
Bankruptcy No. 384–01082.

United States District Court,
M.D. Tennessee,
Nashville Division.

July 19, 1988.

## MEMORANDUM AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The attorney for the appellee moved herein for an enlargement of time in which to file the appellee's brief herein. Such attorney contends that he received a copy of the appellant's brief on June 2, 1988. Rule 8009, Bankruptcy Rules, required him to file the appellee's brief with this Court 15 days after such date. The motion for an enlargement of time was not filed within such 15–day period.

Under Rule 9006(b)(1), Bankruptcy Rules: "when an act is required or allowed to be done at or within a specified period by these rules * * *, the Court for cause shown may at any time in its discretion * * * on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." In order to establish excusable neglect, the appellee was required to show that "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Manning*, 1 B.C.D. 304,

305 (D.Conn.1978), quoted in *In Re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), and *In Re Gem Rail Corp.*, 12 B.R. 929, 931 (Bank.E.D.Pa.1981). Furthermore, "[n]eglect is generally not excusable where it results from lack of knowledge of substantive and procedural aspects of bankruptcy practice." *In Re Lopez*, 39 B.R. 433, 437 [10] (Bank.D.R.I. 1984).

In such motion, the attorney for the appellee assigns as the reason that he failed to comply with the time-limitations set forth for filing a brief is that "[w]ithout checking Rule 8009, [Bankruptcy Rules], movant assumed that a response was required within thirty (30) days, which would make response due on July 5, 1988, not June 17, 1988 as provided in Rule 8009." That assumption hardly establishes excusable neglect. Therefore, such motion hereby is

DENIED.